JOURNAL ENTRY AND OPINION
{¶ 1} On July 5, 2002, the relator, Charles McCuller, commenced this prohibition and habeas corpus action against the respondents, Judge Kenneth Callahan and the Cuyahoga County Common Pleas Court. He asserts that because the respondents belatedly granted him jail time credit, they have lost jurisdiction over him and, thus, cannot conduct his sexual predator determination hearing scheduled for July 22, 2002. He also submits that the writ of habeas corpus should issue for his immediate release from prison. For the following reasons, this court denies these claims, sua sponte.
 {¶ 2} In 1980, Mr. McCuller in Case Nos. CR-48919 and CR-52011 pleaded guilty to one count of rape in each case, and the court sentenced him to consecutive sentences of seven to twenty-five years. In Case No. CR-48254 he pleaded guilty to attempted rape and felonious assault, and the court sentenced him to five to fifteen years concurrent with the terms in the other cases. However, the trial court did not state the amount of jail time credit to which Mr. McCuller was due. This was corrected in 1996.
 {¶ 3} Mr. McCuller now maintains that the failure to timely grant him jail time credit has resulted in him serving more than the minimum time, and that consequently the Adult Parole Authority failed to establish a form of custody over him when the minimum term expired. Thus, the trial court has lost jurisdiction over him and cannot conduct a sexual predator hearing. He should also be immediately released from prison. This argument is meritless. It is based on several erroneous assumptions. The Adult Parole Authority is not an arm of the court; it is part of the executive branch. Furthermore, his chief authority, State exrel. McKee v. Cooper (1974), 40 Ohio St.2d 65, 320 N.E.2d 286, does not support the propositions that the failure to grant jail time credit results in the forfeiture of jurisdiction or that the Adult Parole Authority has the duty to establish a form of custody over a convict upon the expiration of the minimum term. Rather, it ruled that the Parole Authority may consider parole for a person sentenced to the reformatory before the expiration of the minimum term.[1] Mr. McCuller's argument is based upon inaccurate interpretations of the cited authorities. Thus, his claims for the extraordinary writs are baseless.
 {¶ 4} Additionally, the failure to grant timely jail time credit does not affect the jurisdiction of the trial court. Nor does it mandate the immediate release of a convict who is in approximately year twenty-two of a fourteen to fifty year sentence. State ex rel. McCullerv. Court of Common Pleas (Oct. 31, 1996), Cuyahoga App. No. 70888.
 {¶ 5} The court also notes that Mr. McCuller improperly captioned his case by failing to include the addresses of the parties in the caption, as required by Civ.R. 10(A).
 {¶ 6} Accordingly, this court denies Mr. McCuller's applications for writs of prohibition and habeas corpus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANNE L. KILBANE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] The continued persuasiveness of Cooper is highly doubtful because the Supreme Court premised its ruling on the distinction between reformatories and penitentiaries. A distinction which the General Assembly abolished in 1987.